UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-130-JST (JPRx)                           Date:  February 17, 2012
Title:  Niko Black v. National Mortgage Network, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

     Plaintiff filed this action in Orange County Superior Court on December 13, 2011. (Doc. 1, Ex. A.)  Defendants removed this action on January 26, 2012.  (Doc. 1.)

     The Complaint alleges several causes of action related to the purported unlawful foreclosure of Plaintiff's home located at 9581 Shannon Ave., Garden Grove, CA 92841. (*See* Doc. 1, Ex. A.)  Defendants' Notice of Removal states that a related unlawful detainer case is pending in Orange County Superior Court, *Wells Fargo Bank, N.A. v. Niko Black*, No. 30-2011-00518583, which Plaintiff sought to consolidate with this action prior to removal.

     An unlawful detainer action in California state court is a quasi in rem proceeding. *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1057 (E.D. Cal. 2009).  A court is prohibited "from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court."  *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989).  When there are concurrent proceedings in federal and state court and both suits "are in rem, or quasi in rem, so that the court . . . has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought," the "court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other . . . ."  *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939). "[W]here the jurisdiction of [a] state court has first attached, [a] federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-130-JST (JPRx)            Date: February 17, 2012

Title: Niko Black v. National Mortgage Network, et al.

jurisdiction." *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922); *see State Eng'r of State of Nev. v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 809-10 (9th Cir. 2003).

      Defendants' Notice of Removal does not address the impact of the unlawful detainer action on this Court's subject matter jurisdiction. Accordingly, the Court ORDERS that the parties shall show cause in writing no later than **March 12, 2012** as to why this case should not be remanded for lack of subject matter jurisdiction in light of the pending state court unlawful detainer proceedings. Failure to respond by the above date will result in the Court remanding this action.

Initials of Preparer: <u>enm</u>