JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-130-JST (JPRx)                               Date:  March 26, 2012
Title:  Niko Black v. National Mortgage Network, Inc., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|  Ellen Matheson   |         N/A       |
|  Deputy Clerk     |   Court Reporter  |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                     Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2011-00529546**

   Plaintiff filed this action in Orange County Superior Court on December 13, 2011. (Doc. 1, Ex. A.)  Defendants removed this action on January 26, 2012.  (Doc. 1.)  The Complaint alleges several causes of action related to the purported unlawful foreclosure of Plaintiff's home located at 9581 Shannon Ave., Garden Grove, CA 92841 (the "Property").  (*See* Doc. 1, Ex. A ¶ 13.)  Defendants' Notice of Removal states that a related unlawful detainer case filed in October 2011 is pending in Orange County Superior Court, *Wells Fargo Bank, N.A. v. Niko Black*, No. 30-2011-00518583.  (Doc. 1 at 5.)

   Accordingly, on February 17, 2012, the Court issued an Order to Show Cause as to the impact of the pending unlawful detainer action on its subject matter jurisdiction. (Doc. 5.)  The parties responded on March 12, 2012 (Docs. 6, 7), and their submissions confirm that the unlawful detainer action pertains to the same property at issue in this case and is still pending in state court.  Therefore, the Court concludes that it lacks subject matter jurisdiction over this action, and REMANDS this action to the Orange County Superior Court, Case No. 30-2011-00529546.

   I.   LEGAL STANDARD

   Under the prior exclusive jurisdiction doctrine, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."  *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 12-130-JST (JPRx) | Date:  March 26, 2012 |
| Title:  Niko Black v. National Mortgage Network, Inc., et al. | |

2011) (citations and internal quotation marks omitted); *see also United States. v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989) (a court is prohibited "from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court").  When there are concurrent proceedings in federal and state court and both suits "are in rem, or quasi in rem, so that the court . . . has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought," the "first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other. . . ."  *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939).  "[W]here the jurisdiction of [a] state court has first attached, [a] federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction."  *Kline v. Burke Const. Co.*, 260 U.S. 226, 229 (1922); *see also State Eng'r of State of Nev. v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nev.*, 339 F.3d 804, 809-10 (9th Cir. 2003).

Accordingly, "[a]lthough the [exclusive jurisdiction] doctrine is based at least in part on considerations of comity and prudential policies of avoiding piecemeal litigation . . . it is a mandatory jurisdictional limitation."  *Chapman*, 651 F.3d at 1044 (citations and internal quotation marks omitted).  "If the doctrine applies, federal courts may not exercise jurisdiction."  *Id*.  "In other words . . . it is legal error for a district court not to remand, dismiss, or stay federal proceedings on account of the state court's primary exercise of jurisdiction, and any decision on the merits must be vacated."  *Id*. at n.1.

II.   DISCUSSION

An unlawful detainer action in California state court is a quasi in rem proceeding. *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1057 (E.D. Cal. 2009). Accordingly, the Orange County Superior Court assumed jurisdiction over Plaintiff's Property in the unlawful detainer action when it was filed in October 2011.

Two months later, Plaintiff filed the Complaint in this action requesting, among other relief, that the Court quiet title in the Property in favor of Plaintiff.  (Doc. 1, Ex. A ¶¶ 69-71.)  The instant suit is, therefore, also in rem.  *40235 Wash. St. Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir. 1992) (per curiam) (applying California law, "[a] quiet title action is a proceeding *in rem*").  This Court obtained jurisdiction over this action when Defendants filed their notice of removal—three months after the state court obtained jurisdiction over the unlawful detainer proceeding.  *See Chapman*, 651 F.3d at 1045

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 12-130-JST (JPRx) | Date:  March 26, 2012 |
| Title:  Niko Black v. National Mortgage Network, Inc., et al. | |

(federal court obtains jurisdiction when notice of removal is filed).  Because the state court's jurisdiction first attached to the Property, this Court "is precluded from exercising its jurisdiction."  *Kline*, 260 U.S. at 229.

III.   CONCLUSION

     For the foregoing reasons, the Court REMANDS this action to Orange County Superior Court, Case No. 30-2011-00529546.

Initials of Preparer:  enm